CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

May 12, 2026

LAURA A. AUSTIN, CLERK
BY:  s/J.Vasquez
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **COREY R. PARTON,** | ) | |
| **Petitioner,** | ) | **Civil Action No. 7:25cv00535** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **DAVID COX,** | ) | **By: Robert S. Ballou** |
| **Respondent.** | ) | **United States District Judge** |

Corey R. Parton, at the time he filed this petition for habeas corpus under 28 U.S.C. § 2241, was a pretrial detainee[1] proceeding *pro se*.  He sought to be released from custody pretrial because he alleged he was not receiving adequate medical care at the Western Virginia Regional Jail.  Upon careful review of the petition, I find that his claim is not cognizable under the habeas statute.

Pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241 to challenge the legality of continued detention.  Petitions under § 2241 are not restricted to being filed after final judgment but may be sought regardless of whether final judgment has been rendered and regardless of the status of the case pending.  *United States v. Tootle*, 65 F.3d 381, 383 (4th Cir. 1995). Still, the essence of habeas corpus "is an attack by a person in custody upon the *legality* of that custody, and . . . the traditional function of the writ is to secure release from *illegal* custody."  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (emphasis added).  Parton's petition does not challenge the legality of his pretrial detention; he challenges the constitutionality of the jail conditions to which he is exposed.  *See Hallinan v. Scarantino*, 466 F. Supp. 3d 587, 601–02 (E.D. N.C. 2020) (stating that an Eighth Amendment claim for failure to

---

[1] His petition indicates that he was in both state and federal pretrial custody at the time of filing.  However, the online Virginia Case Information System indicates that he has not yet been arrested on his state charges for probation violation in Russell County Circuit Court, as there remains a fugitive warrant for him.

protect petitioner from the spread of coronavirus is a challenge to the conditions of confinement, not a challenge to the validity of confinement).

The Supreme Court has not definitively addressed whether a habeas claim can properly seek release from confinement because of the conditions of confinement.  However, in several unpublished opinions, the Fourth Circuit has held that conditions of confinement claims are not cognizable in habeas proceedings.  *E.g., Wilborn v. Mansukhani,* 795 F. App'x 157, 163 (4th Cir. 2019).  In *Wilborn*, the court observed that seven of ten circuits to address the issue in published opinions have also concluded that claims challenging the conditions of confinement cannot be brought in a habeas petition.  *Id.* (citing cases from the Third, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuit Courts).

As the District Court for the Eastern District of North Carolina explained, the nature of the legal claim itself and the factual allegations that support the claim determine whether the claim sounds in habeas corpus.  *Hallinan*, 466 F. Supp. 3d at 602.  Parton's claim alleges constitutionally inadequate medical care, for which monetary damages are potentially available under 42 U.S.C. § 1983.  He has such a claim pending at this time.  The facts alleged are not cognizable in habeas corpus, and I will dismiss the petition.

An appropriate order will be entered this day.

Enter:  May 11, 2026

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge

2